DECISION
This mechanics' lien petition was tried by the Court on March 29, March 30, April 2, April 3, and April 4, 2001. Newport Plate and Mirror Glass Company, Inc. ("Newport Glass") provided labor and materials with respect to property located at 1334 Main Road owned by defendant, Cinco, LLC ("Cinco"). The parties agree that Newport Glass properly perfected its lien in accordance with the procedural requirements of the mechanics' lien statute. Newport Glass seeks to recover the fair and reasonable value of the labor and materials provided for the installation of a roof top greenhouse together with storefront glass, diamond skylights, and related work. The Court finds that all labor and materials for which Newport Glass seeks recovery was performed and delivered within the statutory lien period.
Newport Glass' evidence consisted of the testimony of its president, Kenneth Gallison, together with the testimony of a glass installer employed by Newport Glass, John Silvia. In addition, the Court admitted 24 exhibits. (Plaintiff's Exhibits 1 through 24). Defendant presented the testimony of Roman Escajeda, a glass installer; Mark Hebert, a carpenter; and Robert Morin, an architect. This Court admitted 11 exhibits offered by defendant. (Defendant's Exhibits A through K). Newport Glass' monetary claim is contained in certain invoices submitted to Cinco after the alleged wrongful termination. No further payments were made by Cinco after termination of Newport Glass' services.
In reviewing the claim of Newport Glass, the Court will segment and analyze its claim through the following categories of work performed (storefront glass, diamond windows, window base, sliding glass doors, greenhouse, and extra work).
Storefront Glass
Newport Glass seeks to recover $43,503.00 for labor and materials provided for the storefront glass at the south entrance, the main office, and the conference area. (Plaintiff's Ex. 9). There is no question that this work was completed by Newport Glass. No payment has been made by Cinco for this work. No specific agreement was reached by the parties regarding the price for the storefront glass in these areas. Newport Glass is entitled to recover the fair and reasonable value of the work performed.
Gallison testified that $65.00 per square foot is the fair and reasonable value for this work and is reflected by the invoice, having charged that amount for storefront glass since 1995. He further testified that Newport Glass has been the successful bidder on public projects involving competitive, sealed bidding for storefront glass using the $65.00 unit price billed to Cinco. He also testified about a number of recent, local projects wherein storefront glass was installed for $65.00 per square foot.
Cinco offered no competent evidence to rebut or dispute the fair and reasonable nature of the charge made by Newport Glass. Neither Morin nor Escajeda were persuasive regarding the fair and reasonable price for storefront glass and netiher could offer any evidence to discredit the testimony of Gallison. Newport Glass is awarded the full amount of its invoice, $43,503.00.
Diamond Windows
Newport Glass also has billed for labor and materials provided in connection the north and south diamond skylights together with the curtain wall base for each skylight. The invoice is in the amount of $41,627. (Plaintiff's Ex. 15). No payment has been made by Cinco for this work.
Gallison and Silvia each testified that Newport Glass completed the storefront base for the north diamond. Morin also acknowledged that this work was completed. Newport Glass charged $9,888.00 for this work. That price reflects the standard $65.00 per square foot charge for storefront glass. As previously noted, no reliable evidence was offered to dispute this charge. As such, Newport Glass should be awarded $9,888.00 for this portion of the work.
Newport Glass submitted a labor charge of $19,003.00 to measure, calculate, and cut the metal for both diamond windows and fabricate the north side diamond window. An additional charge of $2,500.00 for labor was made to measure and cut metal for the south base together with partial installation of the south base. Newport Glass charged $45.00 per hour for the work of its glaziers. Gallison testified that has been the Newport Glass labor rate for several years. He also testified that this is fair and reasonable within the industry and that the labor charge for union glaziers is $85.00 per hour. Gallison estimated the hours worked in these areas by referring to his labor diary which he prepared on a daily basis based upon his own observations and information obtained form his employees. Silvia testified that two or three men worked approximately three weeks in this area. Gallison prepared a summary of the labor hours expended on the diamond windows and came up with 345.5 regular hours and 33 overtime hours. The labor charge of $45.00 per hour is fair and reasonable. The testimony of Gallison and Silvia is both credible and consistent and Newport Glass has maintained a proper estimate of its labor hours in these areas. The labor records maintained by Hebert show that it took approximately ten weeks to complete this work. Newport Glass had done the majority of the work on the diamonds. Newport Glass is awarded $19,003.00 and $2,500.00 for the labor pursuant to its invoice.
The final charge on invoice #11029 is for $8,920.00 for materials for the diamond windows. Newport Glass submitted invoices from National Storefront and a summary prepared by Gallison reflecting the materials delivered and their costs. The cost to Newport Glass was $4,716.00 for these materials and Gallison testified regarding his standard retail pricing. The cost would be approximately doubled and then reduced slightly. Cinco offered no competent evidence from a comparable glass contractor to dispute whether such a practice is fair and reasonable on retail sales of glass products. Newport Glass is awarded $8,920.00 pursuant to its invoice and the summary.
An additional $1,316.00 is due representing sales tax on certain materials.
Window Base
Newport Glass claims $9,424.00 for framing materials left on the Cinco project site for use in the base of the diamond windows as reflected by Newport Glass invoice #11028. (Plaintiff's Ex. 18). The parties agree that there was no agreement regarding price. Gallison testified that the charge reflected by invoice #11028 is a fair and reasonable retail price and consistent with standard Newport Glass pricing. Gallison testified with specificity about all products and quantities ordered and delivered to the project. Gallison prepared a summary showing that the cost of the materials delivered was $4,980.00. (Plaintiff's Ex. 19). This cost is reflected in the invoice from the supplier of the materials, United States Aluminum Corporation. (Plaintiff's Ex. 20). These materials were ordered and delivered by Newport Glass to the site and priced in a fair and reasonable manner in accordance with standard retail practice. Newport Glass is awarded $9,424.00 in accordance with its invoice.
Sliding Glass Doors
Newport Glass delivered and installed three special order sliding glass doors and charged $6,259.00 as reflected by invoice #11021. (Plaintiff's Ex. 11). There is no question that these doors were ordered by Cinco and delivered to the site by Newport Glass. Cinco has not paid for these doors. Silvia and Gallison each testified that these doors were installed by Newport Glass. Their testimony is credible and is accepted by this Court. With regard to pricing, Gallison indicated that the standard retail price for these doors is approximately $2,300.00 and Cinco was given the benefit of a significant discount and each was priced at $1,950.00. Newport Glass should be awarded $6,259.00 as reflected by its invoice.
Greenhouse
It is undisputed that the contract price for the greenhouse was $101,885.00. It also is undisputed that Cinco paid Newport Glass $73,785.25 for the greenhouse. Further, it is undisputed that Cinco is due a credit of $17,883.60 for a payment made by Cinco to Traco Skytech, a subcontractor that Newport Glass failed to pay.[1] Newport Glass did not complete the greenhouse installation prior to its termination. Newport Glass had failed to complete the caulking and gasketing on the exterior portion of the windows. Cinco is due a credit for the reasonable completion cost of the greenhouse.
Cinco presented to the Court, by way of Defendant's Exhibits G and H, evidence of the amount of labor expended by Hebert, his carpenters, and Escajeda and Escajeda's assistant, to complete the greenhouse. Hebert testified that he used a safe and efficient way to perform this work. His construction of an A-frame upon which his men accessed the glass ensured that the men could reach the glass while also protecting themselves and the glass. In contrast, Newport Glass' plan to use a crane presented the danger that the basket would impact and break the glass, especially in an area such as Cinco's headquarters beset with high winds. Moreover, it is unclear how Newport Glass would be able to access the glass from the crane basket, as the glass is on a 45° angle. Finally, because of the design of Cinco's headquarters, there are certain areas of the greenhouse that are simply inaccessible by crane. Accordingly, Hebert's method of completing the greenhouse glass installation was the proper one. Therefore, the amount of labor expended by Hebert, his work force, Roman Escajeda and Escajeda's assistant was fair and reasonable. Accordingly, Cinco should be credited with a setoff of $18,360.00. In that the Court is not persuaded that Newport Glass was wrongfully terminated with respect to this portion of the project, the Court will not make an award for loss of profits with respect to work not performed, but instead limits Newport Glass' recovery to the contract price less those credits as previously noted.
Extra Work
Newport Glass' allegation that it is due $8,925.00 for 7 days extra labor is unsupported by the facts in evidence. Gallison was unable to identify in sufficient detail when this work was allegedly performed. Moreover, Cinco never agreed to this extra work and was never alerted by Newport Glass that it was being charged for extra work over and above the fixed price of the greenhouse.
Conclusion:
In summary, Newport Glass shall recover from Cinco as follows:
 Storefront Glass: $ 43,503.00 Diamond Windows: 41,627.00 Window Base: 9,424.00 Sliding Glass Doors: 6,295.00 Greenhouse: (8,143.85) Credit due to Cinco Extra Work: -0-
 Total $ 92,706.15
Judgment shall enter for Newport Glass against Cinco in the amount of $92,706.15.
[1] Credit for overpayment of a fixed glass portion of the glass installation is not allowed in that the award to Newport Glass is based on the contract price less amounts paid by Cinco to third parties for which a credit is warranted and for the fair and reasonable costs incurred by Cinco to complete the project subsequent to the termination of Newport Glass.